UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Charles Fogarty, et als.

Appellant

v.

1:08-cv-00256-S
(Bankruptcy Appeals)

Charles A. Pisaturo, Trustee

Appellee

**MEMORANDUM IN SUPPORT OF APPELLEE'S MOTION FOR AUTHORITY TO PRESENT CERTAIN PAPERS AND ARGUMENTS *IN CAMERA***

Appellee, Charles A. Pisaturo, Jr., Chapter 7 Trustee (the "Trustee") of Brushy Brook Development Co., LLC ("Brushy"), in support of his Motion for Authority to Present Certain Papers and Arguments *In Camera* respectfully states as follows:

Some brief background is necessary to put this motion in context.

**Background**

1. On August 16, 2005, creditors of Brushy filed an involuntary Chapter 7 bankruptcy petition against it. After an extensive trial during which it reviewed evidence and heard considerable testimony from a principal of Brushy, Dr. Grant Schmidt, an Ohio resident, and from others associated with Brushy, the bankruptcy court, on March 1, 2006, entered an order for relief against Brushy under Bankruptcy Code ("Code") §303.

2. A principal asset of the Brushy bankruptcy estate has been its right to be paid $3,227,212.07, and interest thereon, under an August 2005 promissory note owed by Boulder Brook Development, LLC ("Boulder Brook") as maker, and Brushy as payee (the "$3.2 Million Note"). In addition to cash also being paid to Brushy, the $3.2 Million Note was given by

Boulder Brook and taken back by Brushy, as partial seller financing as it were, in exchange for Brushy's contemporaneous sale (done just prior to the filing of the involuntary petition) of an approximately 375-acre parcel of unimproved real estate known as The Reserve at Brushy Brook in Hopkinton, Rhode Island (the "Hopkinton Property") to Boulder Brook.

3. At the same time it delivered the $3.2 Million Note to Brushy, Boulder Brook also executed and delivered to Massachusetts-based LR6-A Limited Partnership (such entity and its assignee, LR6-A, LLC, being hereinafter referred to simply as “LR6-A”) a promissory note in the original principal face amount of $2.5 million, the terms of which Dr. Schmidt was required to inquire into on behalf of Brushy, and to which he, after consulting with a large Ohio-based law firm, Thompson Hine, ultimately agreed.[1] He also agreed for Brushy that Boulder Brook's obligations under the $3.2 Million Note owed to Brushy would be subordinate to upwards of $9.0 million first being paid on the $2.5 million (initial principal amount) promissory note obligation of Boulder Brook to LR6-A L.P.

4. The $2.5 million promissory note obligation of Boulder Brook to LR6-A, about which the bankruptcy court became very familiar (through numerous hearings in which LR6-A was seeking relief from the automatic stay under Code §362 in order to foreclose on its defaulted mortgage, and to which the Trustee was objecting) provides for a “Base Interest” of 21% and “Additional Interest,” beyond the Base Interest, of not less than $1,250,000.00.

[1] A separate adversary proceeding was filed in the bankruptcy court by the Trustee against Dr. Schmidt and Thompson Hine stemming from their actions and alleged failings associated with the Brushy sale of the Hopkinton Property to Boulder Brook, including agreeing that the $3.2 Million Note owed to Brushy would be so deeply subordinated to a promissory note having the very high "Base Interest", "Additional Interest", and other features of the $2.5 million promissory note obligation of Boulder Brook to LR6-A. The defendants in that action have moved to have this Court "withdraw the reference" in regard to that proceeding, and while that motion and the Trustee's objection to it have been pending, the parties have been engaging in a mediation process suggested by Chief Judge Lisi.

5. The Trustee, in the disputed relief from automatic stay proceedings with LR6-A, challenged, on usury and related grounds, the enforceability of the $2.5 million promissory note obligation of Boulder Brook to LR6-A. The bankruptcy court heard considerable argument and received many papers at several hearings on the issue of the background to that obligation and its validity and enforceability under Massachusetts usury law, including whether appropriate written notice had been furnished to the Massachusetts Attorney General's Office in the manner prescribed by Massachusetts General Laws Chapter 271, Section 49. That statute appears to provide that, in a commercial context, a promissory note obligation is *not* susceptible to being set aside and voided as usurious if written notice has been timely furnished to the Massachusetts Attorney General's Office. LR6-A maintained that a notice or notices satisfying the requirements of that statute was timely provided.

6. After a number of fits and starts and hearings before the bankruptcy court, ultimately the Trustee and LR6-A reached a compromise, which was noticed-out to parties in interest and presented to and approved by the bankruptcy court under Bankruptcy Rule 9019. Under the compromise, among other things, LR6-A would pay $100,000.00 to the Brushy bankruptcy estate, LR6-A's claim would be calculated based on an agreed interest calculation, and LR6-A would be permitted to use such claim to foreclose on the Hopkinton Property by following an agreed-upon protocol. That compromise was approved by the bankruptcy court through its June 4, 2008 order (docket no. 420), which is the subject of this appeal.

**Basis for Seeking Authority to Present Papers and Arguments In Camera**

7. The proposed compromise between the Trustee and LR6-A was presented to the bankruptcy court through a motion for approval of compromise -- a proceeding governed by Bankruptcy Rule 9019. A bankruptcy court, in that context, must be informed of the most pertinent aspects of the relative merits and drawbacks of a trustee's claim, in order to determine whether or not to approve the proposed compromise. In making such a presentation to a bankruptcy court, however, a trustee must be aware that if the proposed compromise is not approved, he will need to continue to press forward with his claim, including picking up the litigation relating to that claim where it left off. Certainly, a trustee would be at a disadvantage if, in presenting the compromise of his claim, his adversary were privy to the trustee's full, open and dispassionate explanation to the bankruptcy court of both the merits and drawbacks of his claim, one during which important "work product", strategy, legal and factual issues and potential areas of concern are presented to the court. For this reason, when the bankruptcy court conducted its hearings on the proposed compromise between the Trustee and LR6-A, LR6-A's counsel, at the request of the Trustee and without protest from LR6-A, was either excused from the bankruptcy courtroom or such matter was taken up in chambers by the bankruptcy court (though with an electronic recording of such proceeding being made) without LR6-A or its counsel being present.

8. The Appellants have appealed the bankruptcy court's order approving the compromise with LR6-A, and this Court of necessity, if it considers their appeal[2], will, just as the bankruptcy court did, likely expect to hear of the relative merits and drawbacks of the Trustee's claim against LR6-A to determine if the bankruptcy court acted appropriately or, as the

[2] The Trustee reserves his right to move to dismiss the Appellants' appeal due to procedural and other defects, and nothing herein shall be considered to be a waiver of such right.

Appellants will presumably argue, abused its discretion in approving the compromise. For the same reasons that prompted the bankruptcy court to do so, this Court should likewise exclude LR6-A and its counsel from viewing whatever papers the Trustee may be asked or wish to file pertaining to his underlying claim against LR6-A, and from being privy to any oral presentations by the Trustee or his counsel to this Court regarding the relative merits of and any possible drawbacks associated with such claim.

9. Thus, the Trustee respectfully requests that he be allowed to present to chambers any such papers as he believes are appropriate or that the Court requires be filed that relate to substantive aspects of the underlying claim, and that any oral presentations relating thereto also be presented in chambers or with LR6-A and its counsel excluded from the courtroom.

Charles A. Pisaturo, Jr., Chapter 7 Trustee of
Brushy Brook Development Co., LLC.
By his Attorney,

August 14, 2008

/s/ Matthew J. McGowan
Matthew J. McGowan, Esquire
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
Providence, RI 02903
(401) 274-0300
(401) 453-0073 Fax
(Bar No. 2770)

F:\Contents\Brushy Brook\Ottenbacher US Dist Appeal\Memo Re Mot Present Papers Argmts in Camera.doc