UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Charles Fogarty, et als.

Appellant

v.

1:08-cv-00256-S
(Bankruptcy Appeals)

Charles A. Pisaturo, Trustee

Appellee

**MEMORANDUM IN SUPPORT OF APPELLEE'S MOTION TO SEAL BANKRUPTCY COURT TRANSCRIPTS**

Appellee, Charles A. Pisaturo, Jr., Chapter 7 Trustee (the "Trustee") of Brushy Brook Development Co., LLC ("Brushy"), in support of his Motion to Seal Bankruptcy Court Transcripts, respectfully states as follows:

1. At issue in this appeal is the Bankruptcy Court's approval of a compromise between the Trustee and LR6-A, LLC ("LR6-A"), which resolved the Trustee's challenge (on usury and related grounds) to the enforceability of a $2.5 million promissory note obligation of Boulder Brook Development, LLC ("Boulder Brook") to LR6-A. That $2.5 million promissory note obligation was secured in a first mortgage position against an approximately 375-acre parcel of unimproved real estate in Hopkinton, Rhode Island (the "Hopkinton Property") owned by Boulder Brook.

2. The Trustee, on behalf of the Brushy bankruptcy estate, had a stake in the outcome of that challenge since a roughly $3.2 million promissory note owed by Boulder Brook to Brushy was made subordinate, and placed in a second mortgage position on the Hopkinton Property, to the $2.5 million promissory note obligation of Boulder Brook to LR6-A, and the Trustee's prospects for realizing upon such $3.2 million promissory note held in the Brushy

bankruptcy estate would be enhanced if the $2.5 million promissory note obligation of Boulder Brook to LR6-A were set aside.

3. The bankruptcy court heard considerable argument and received many papers at several hearings on the issue of the background to the challenged $2.5 million promissory note obligation and its validity and enforceability under Massachusetts usury law, including whether appropriate written notice had been furnished to the Massachusetts Attorney General's Office in the manner prescribed by Massachusetts General Laws Chapter 271, Section 49. That statute appears to provide that, in a commercial context, a promissory note obligation is *not* susceptible to being set aside and voided as usurious if written notice has been timely furnished to the Massachusetts Attorney General's Office. LR6-A maintained that a notice or notices satisfying the requirements of that statute was timely provided.

4. The proposed compromise between the Trustee and LR6-A was presented to the bankruptcy court through a motion for approval of compromise -- a proceeding governed by Bankruptcy Rule 9019. A bankruptcy court, in that context, must be informed of the most pertinent aspects of the relative merits and drawbacks of a trustee's claim, in order to determine whether or not to approve the proposed compromise.

5. In making such a presentation to a bankruptcy court, however, a trustee must be aware that if the proposed compromise is not approved, he will need to continue to press forward with his claim, including picking up the litigation relating to that claim where it left off. Certainly, a trustee would be at a disadvantage if, in presenting the compromise of his claim, his adversary were privy to the trustee's full, open and dispassionate explanation to the bankruptcy court of both the merits and drawbacks of his claim, one during which important "work product", strategy, legal and factual issues and potential areas of concern are presented to the court.

6. The Trustee also wished to protect (beyond the protections already afforded under Rule 408 of the Federal Rules of Evidence, dealing with the inadmissibility of evidence relating to a compromise) certain information presented to the Bankruptcy Court that may touch upon or have a bearing on one or more adversary proceedings brought against other parties and pending before that court.

7. For these reasons, when the bankruptcy court conducted its hearings on the proposed compromise between the Trustee and LR6-A, LR6-A's counsel, at the request of the Trustee and without protest from LR6-A, was either excused from the bankruptcy courtroom or such matter was taken up in chambers by the bankruptcy court (though with an electronic recording of such proceeding being made) without LR6-A or its counsel being present.

8. For these same reasons and to continue to maintain the protective measures imposed by the Bankruptcy Court, this Court should seal the Bankruptcy Court transcripts of hearings and chambers sessions at which the motion for approval of compromise was being considered that become part of the record on appeal to this Court.

Charles A. Pisaturo, Jr., Chapter 7 Trustee of
Brushy Brook Development Co., LLC.
By his Attorney,

August 26, 2008

/s/ Matthew J. McGowan
Matthew J. McGowan, Esquire
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
Providence, RI 02903
(401) 274-0300
(401) 453-0073 Fax
(Bar No. 2770)

F:\Contents\Brushy Brook\Ottenbacher US Dist Appeal\Motion to Seal\Memo Re Mot Seal.doc